**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. A-08-CR-186 LY** |
| | § | |
| **RAMON ALBERTO VARGAS** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on December 19, 2012, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On January 13, 2004, Judge Rob Junell of the Midland Division of this District sentenced the Defendant to 63 months of imprisonment, followed by six years of supervised release, for conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 841 and 846. The Defendant commenced his supervision on March 6, 2007. He has had many problems on supervision, but never any significant enough to warrant a hearing, and each was resolved through either administrative hearings at the Probation Office, or modifications of his conditions to require home confinement, halfway house placement, or similar remedies. Most recently, in March 2012, the Defendant was charged with possession of a controlled substance (a prohibited steroid).

Although the Probation Office requested a revocation hearing in response, the Court ordered that the Defendant's conditions instead be modified to require 90 days of home confinement, and to await the outcome of those charges.  Subsequently, on April 7, 2012. the defendant was involved in a family disturbance that resulted in the police responding.  Although the defendant left the scene before any arrests were made, ultimately he was charged with assault, family violence and a warrant for his arrest was issued.  The defendant failed to notify his probation officer of this incident.  Rather, the officer learned of the incident only when a Travis County constable called to inform the officer that several arrest warrants were outstanding for the defendant, including the assault warrant, and a warrant for failure to pay child support.

On September 4, 2012, based on the above, the Probation Office submitted its petition alleging that the Defendant violated his conditions by committing two new state law criminal offenses (possession of steroids and assault), and by failing to have notified his probation officer of the police having questioned members of his household.  The undersigned authorized the issuance of a warrant on September 10, 2012.  The Defendant was arrested on that warrant on December 12, 2012.  On December 19, 2012, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition.  On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition, with the exception that he declined to make a plea of true to the assault charge, which allegation the government subsequently withdrew.

2

## II.  FINDINGS OF THE COURT

1.      The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.      The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.      The Defendant received a copy of the Petition naming him, and he read it.

4.      The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.      The Defendant waived his preliminary hearing.

6.      The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7.      The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8.      The Government gave a summary of the evidence against the Defendant.

9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10.     The Defendant understood all of his statutory and constitutional rights.

11.     The Defendant violated conditions of his supervised release by committing the state law offense of possessing a steroid, and by failing to report to his probation officer the altercation at his home, to which law enforcement officers responded.

## III.     RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED.  The

3

Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category was a V, resulting in an (advisory) guideline range of to months of 7 to 13 months of imprisonment.  Having considered all of the above, and particularly the fact that the defendant has completed over four years of supervision without revocation, the undersigned RECOMMENDS that the Defendant be sentenced to 4 months of imprisonment, with no supervised release to follow.

IV. <u>OBJECTIONS</u>

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 2nd day of January, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

4